No. 9340.

SOUTHERN SURETY COMPANY v. CHRIS IRVING PLUMBING AND HEATING COMPANY.

WAIVER—A Question of Intention, and to be proven by express declarations or by acts or omissions from which it may be justly inferred.

Defendant was surety in a bond to secure performance by a subcontractor of plaintiff, for work to be performed by plaintiff on a certain building. The bond required the plaintiff to notify defendant in case of the sub-contractor's default, as soon as knowledge thereof came to him, and within thirty days in any event, and that the surety, in case of such default, should have the right to assume and complete the work; and finally that the surety should not be liable to any action instituted later than a day specified. The action was instituted at a date long subsequent to that fixed in the bond.

The evidence showed merely that the defendant, to avoid litigation, assisted plaintiff to secure certain reductions in the account, and offered to contribute to the payment. Held not to establish a waiver by defendant of the condition of the bond; that plaintiff was under duty to ascertain the state of the subcontractor's account · with the material men, and laborers employed by him; that the failure of the plaintiff to promptly advise the surety of the contractor's defaults, and so enable it to assume the work was not a mere technical violation of the bond, but a substantial wrong leaving plaintiff without right.

*Error to Denver District Court, Hon. John I. Mullins, Judge.*

*Department One.*

Messrs. WEST & STRICKLAND, Mr. R. HARRISON FIELD, and Mr. V. V. MONTGOMERY, for plaintiff in error.

Mr. GEO. F. DUNKLEE and Mr. EDWARD V. DUNKLEE, for defendant in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error was surety on a bond running to the defendant in error to secure the due performance of a contract between said Plumbing Company and one Wilhelm, a subcontractor for a part of the work to be done by said obligee upon the Federal Building in the City of Denver.

Wilhelm having, as the Plumbing Company contends, failed to comply with the terms of said contract, to the damage of said obligee, it brought suit on the bond and had judgment for the amount it claimed to have paid out on said contract above the stipulated sum.

The bond contained a provision by which the obligee was required to notify the surety, in case of the principal's default, such notice to be given promptly upon knowledge acquired of such default, and within thirty days in any · event. It provided, also, that in case of such default the surety should have the "right to assume and complete or procure the completion of said contract"; and that the surety should not be liable to any action on the bond instituted later than December 14, 1915.

This action was begun in March, 1917.

The date of the bond was June 6, 1914.    The record does not contain a copy of the contract secured by the bond.

A demurrer to the complaint on the ground that the suit was barred because brought subsequent to the date limited in the bond for actions thereon, and further, that the complaint failed to allege the giving of notice of the matters requiring notice to be given, was overruled.

Defendant in error, to meet these objections depends upon an alleged waiver of the conditions mentioned.

However, neither the complaint nor the evidence sustains that contention.

In the complaint it is alleged that an agent of the Surety Company was sent to Denver for the purpose of ascertaining and adjusting the amounts due the various creditors of Wilhelm under said contract, and that said agent did "on about the 1st day of December, A. D. 1916, compromise, adjust, settle and agree with plaintiff below and the various creditors that there were outstanding and unpaid accounts due from said Wilhelm to the various creditors in the amount of $2,080.47".

It is also alleged:

"That this plaintiff was unable to institute any suit, action or other proceeding on said bond on or before December 14th, 1915, as provided in said bond, for the reason that this plaintiff had no knowledge at or previous to said time that any of the said claims herein existed, or would be made, against this plaintiff; that this plaintiff had no knowledge as to any claim of any breach of the conditions of said bond, or as to whether there would be any liability of the Surety Company on said bond until after December 14, 1915, and that this plaintiff had no knowledge as to whether or not said claims, as hereinbefore specified, were legal claims and demands until the same were audited, adjusted and consented to by this plaintiff and the defendant Surety Company, on or about the 1st day of December, A. D. 1916, as hereinbefore pleaded."

The evidence goes no farther than these allegations, and falls far short of establishing either a waiver of the conditions or a promise by the plaintiff in error to pay anything on the account. The evidence shows, simply, that the Surety Company, in order to avoid litigation, assisted the Plumbing Company to secure reductions on the accounts, and offered $400 as a contribution to the payment thereof, which offer was rejected.

Waiver, unlike estoppel, is always a question of intention, to be proved by express declarations or by acts, or omissions, from which it may be inferred.

There is no evidence of intention to waive any of the conditions of the bond.

Neither are the allegations as to plaintiff's knowledge of claims against Wilhelm an excuse for not beginning the action within the time limited therefor. Wilhelm was a sub-contractor of the plaintiff, and it might reasonably be required to ascertain the state of his account with materialmen and his employes.

No excuse is offered for the failure to notify the surety, and permit it to complete the work under the contract. That is not a mere technical violation of the bond; it is a substantial wrong. Possibly the surety might have completed the work at less expense than was incurred for that purpose. Having deprived the surety of that right, secured by the agreement, defendant in error is in no position to demand reimbursement for the funds it paid out to complete the contract.

There are other errors assigned which appear to be good, but, since the plaintiff has no right of action, they need not be discussed.

The judgment is reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.

Decided July 7, A. D. 1919. Rehearing denied October 6, A. D. 1919.